# EXHIBIT A

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. _16-0024E_

_Grace Cheng_____, Plaintiff(s)

v.

_Coca-Cola Refreshments USA, Inc.,_
_and David J. Kazmouski_____, Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon _Thomas H McGovern_, _Attorney At Law_ plaintiff's attorney, whose address is _P.O. Box 386, Dedham, MA 02027_, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esquire, at Boston, the ___12th___ day of ___January___, in the year of our Lord two thousand ___sixteen___.

_Michael Joseph Donovan_
Clerk/Magistrate

A true copy Attest: _____
1/19/16
Deputy Sheriff Suffolk County

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV. P. 1 12M – 1/15

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 201\_\_\_, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

Dated: _____, 201\_\_\_

**N.B.   TO PROCESS SERVER:—**
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

_____, 201\_\_\_

---

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 16-0024E

Grace Cheng
, Plff(s)

v.

Coca-Cola Refreshments USA, Inc.,
and David J. Kazmouski
, Deft(s)

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                             SUPERIOR COURT DEPARTMENT
                                                         CIVIL ACTION NO. 16-0024-E

---

GRACE CHENG,

    Plaintiff,                                   JURY TRIAL REQUESTED

v.

COCA-COLA REFRESHMENTS USA, INC.
and DAVID J. KAZMOUSKI,

    Defendants.

---

## COMPLAINT

1. Plaintiff Grace Cheng (Ms. Cheng) is a natural person who resides in South Boston, Massachusetts.

2. Defendant Coca-Cola Refreshments USA, Inc. (Coca-Cola) is a Delaware corporation with its principal place of business at 1 Coca-Cola Plaza, Atlanta, Georgia 30313.

3. Defendant David J. Kazmouski (Mr. Kazmouski) is a natural person who resides at 11 Power Street, Raymond, New Hampshire 03077.

### Count 1
### Negligence
### vs. All Defendants

4. On January 8, 2013, Ms. Cheng was driving her Toyota RAV4 southbound on Summer Street, South Boston.

5. At the same time, Mr. Kazmouski was driving northbound on Summer Street South Boston.

6. Mr. Kazmouski was driving a tractor and trailer that had Coca-Cola® trademarks painted on the sides of both the tractor and trailer, and on the back of the trailer.

7. The tractor and the trailer were owned by, or leased by, Coca-Cola.

8. Mr. Kazmouski was employed by Coca-Cola.

9. Mr. Kazmouski was performing work within the scope of his employment duties.

10. At the intersection of Summer Street and D Street, Mr. Kazmouski turned the tractor and trailer left, into the intersection and – failing to yield – drove the tractor into Ms. Cheng's drivers side door while she was traveling southbound on Summer Street.

11. The force of the collision triggered Ms. Cheng's vehicle's air bags, then it threw her to the passenger side of her vehicle.

12. The force of the collision seriously injured Ms. Cheng.

13. Ms. Cheng is being treated for thoracic outlet syndrome at the Massachusetts General Hospital. To date, she has had one surgery to remove one of her ribs and her nearby scalene muscle.

14. After the surgery, Ms. Cheng's thoracic outlet syndrome symptoms have not abated. She is continuing to receive treatment at the Massachusetts General Hospital to alleviate the pain and numbness in her upper body.

15. The injury has diminished Ms. Cheng's quality of life.

16. Also, it has adversely affected her ability to earn a living.

17. Ms. Cheng's vehicle was towed from the wreck site. Her insurer determined that it was wholly destroyed.

Wherefore Ms. Cheng requests this Court to enter judgment against all defendants, jointly and severally, in an amount to compensate her for her (1) past, present, and future medical expenses, (2) past, present, and future pain and suffering, and (3) past, present, and future loss of income, plus her costs of this action and prejudgment interest.

## JURY TRIAL REQUEST

Ms. Cheng requests a jury trial for all issues so triable.

Dated: January 5, 2016

*/s/ Thomas H. McGovern*
Thomas H. McGovern
BBO # 565874
P.O. Box 386
Dedham, MA 02027
718.910.7488
781.881.0452 (fax)
tmcgovern@mcgovernfirm.com

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 16-0024E | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| PLAINTIFF(S): | Grace Cheng | | COUNTY | Suffolk |
|---|---|---|---|---|
| ADDRESS: | 825 East Fourth Street, Apartment 4, South Boston, MA 02127 | | | |
| | | DEFENDANT(S): | Coca-Cola Refreshments USA, Inc., and David J. Kazmouski | |
| ATTORNEY: | Thomas H. McGovern | | | |
| ADDRESS: | P.O. Box 386, Dedham, MA 02027 | ADDRESS: | Coca-Cola Refreshments USA, Inc.: 1 Coca-Cola Plaza, Atlanta, Georgia 30313; David J. Kazmouski, 11 Power Street, Raymond, New Hampshire 03077 | |
| BBO: | 565874 | | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence - Personal Injury | F | [X] YES  [ ] NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................................. $ 93,243.00
2. Total doctor expenses .................................................................. $ 51,677.00
3. Total chiropractic expenses ......................................................... $ 1927.00
4. Total physical therapy expenses ................................................. $ 260.00
5. Total other expenses (describe below) ...................................... $ 8,000.00
   Subtotal (A): $ 31,379.00
Shields MRI ($4,900.00), CT Angiogram ($10,295.00), 1st Botox ($8,092.00), 2nd Botox ($8,092.00)

B. Documented lost wages and compensation to date ................................ $
C. Documented property damages to dated ................................................ $ 18,247.38
D. Reasonably anticipated future medical and hospital expenses ............... $ Unknown
E. Reasonably anticipated lost wages ......................................................... $ Unknown
F. Other documented items of damages (describe below) .......................... $

G. Briefly describe plaintiff's injury, including the nature and extent of injury: Thoracic Outlet Syndrome

TOTAL (A-F): $ 110,490.38

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X *Thomas H. McGovern*   Date: 01/05/2016

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X *Thomas H. McGovern*   Date: 01/05/2016

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

- AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. (A)
- AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. (A)
- AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. (A)
- AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. (A)
- AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. (A)

### CN Contract/Business Cases

- A01 Services, Labor, and Materials (F)
- A02 Goods Sold and Delivered (F)
- A03 Commercial Paper (F)
- A04 Employment Contract (F)
- A06 Insurance Contract (F)
- A08 Sale or Lease of Real Estate (F)
- A12 Construction Dispute (A)
- A14 Interpleader (F)
- BA1 Governance, Conduct, Internal Affairs of Entities (A)
- BA3 Liability of Shareholders, Directors, Officers, Partners, etc. (A)
- BB1 Shareholder Derivative (A)
- BB2 Securities Transactions (A)
- BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. (A)
- BD1 Intellectual Property (A)
- BD2 Proprietary Information or Trade Secrets (A)
- BG1 Financial Institutions/Funds (A)
- BH1 Violation of Antitrust or Trade Regulation Laws (A)
- A99 Other Contract/Business Action - Specify (F)

* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

- D01 Specific Performance of a Contract (A)
- D02 Reach and Apply (F)
- D03 Injunction (F)
- D04 Reform/ Cancel Instrument (F)
- D05 Equitable Replevin (F)
- D06 Contribution or Indemnification (F)
- D07 Imposition of a Trust (A)
- D08 Minority Shareholder's Suit (A)
- D09 Interference in Contractual Relationship (F)
- D10 Accounting (A)
- D11 Enforcement of Restrictive Covenant (F)
- D12 Dissolution of a Partnership (F)
- D13 Declaratory Judgment, G.L. c.231A (A)
- D14 Dissolution of a Corporation (F)
- D99 Other Equity Action (F)

### PA Civil Actions Involving Incarcerated Party †

- PA1 Contract Action involving an Incarcerated Party (A)
- PB1 Tortious Action involving an Incarcerated Party (A)
- PC1 Real Property Action involving an Incarcerated Party (F)
- PD1 Equity Action involving an Incarcerated Party (F)
- PE1 Administrative Action involving an Incarcerated Party (F)

### TR Torts

- B03 Motor Vehicle Negligence - Personal Injury/Property Damage (F)
- B04 Other Negligence - Personal Injury/Property Damage (F)
- B05 Products Liability (A)
- B06 Malpractice - Medical / Wrongful Death (A)
- B07 Malpractice - Other (A)
- B08 Wrongful Death, G.L. c.229 §2A (A)
- B15 Defamation (A)
- B19 Asbestos (A)
- B20 Personal Injury - Slip & Fall (F)
- B21 Environmental (F)
- B22 Employment Discrimination (F)
- BE1 Fraud, Business Torts, etc. (A)
- B99 Other Tortious Action (F)

### RP Real Property

- C01 Land Taking (F)
- C02 Zoning Appeal, G.L. c. 40A (F)
- C03 Dispute Concerning Title (F)
- C04 Foreclosure of a Mortgage (X)
- C05 Condominium Lien & Charges (X)
- C99 Other Real Property Action (F)

### MC Miscellaneous Civil Actions

- E18 Foreign Discovery Proceeding (X)
- E97 Prisoner Habeas Corpus (X)
- E22 Lottery Assignment, G.L. c. 10 §28 (X)

### AB Abuse/Harassment Prevention

- E15 Abuse Prevention Petition, G.L. c. 209A (X)
- E21 Protection from Harassment, G.L. c. 258E (X)

### AA Administrative Civil Actions

- E02 Appeal from Administrative Agency, G.L. c. 30A (X)
- E03 Certiorari Action, G.L. c.249 §4 (X)
- E05 Confirmation of Arbitration Awards (X)
- E06 Mass Antitrust Act, G. L. c. 93 §9 (A)
- E07 Mass Antitrust Act, G. L. c. 93 §8 (X)
- E08 Appointment of a Receiver (X)
- E09 Construction Surety Bond, G.L. c. 149 §§29, 29A (A)
- E10 Summary Process Appeal (X)
- E11 Worker's Compensation (X)
- E16 Auto Surcharge Appeal (X)
- E17 Civil Rights Act, G.L. c.12 §11H (A)
- E24 Appeal from District Court Commitment, G.L. c.123 §9(b) (X)
- E25 Pleural Registry (Asbestos cases)
- E94 Forfeiture, G.L. c265 §56 (X)
- E95 Forfeiture, G.L. c.94C §47 (F)
- E99 Other Administrative Action (X)
- Z01 Medical Malpractice - Tribunal only, G.L. c. 231 §60B (F)
- Z02 Appeal Bond Denial (X)

### SO Sex Offender Review

- E12 SDP Commitment, G.L. c. 123A §12 (X)
- E14 SDP Petition, G.L. c. 123A §9(b) (X)

### RC Restricted Civil Actions

- E19 Sex Offender Registry, G.L. c.6 §178M (X)
- E27 Minor Seeking Consent, G.L. c.112 §12S (X)

### TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or pro se party.**

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.**